101 F.3d 685
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Paula BUCKLEY, Addie Fields, Defendants-Appellants,
Rae URSILLO, Defendant.
 Nos. 95-1469, 95-1505.
 United States Court of Appeals, Second Circuit.
 May 29, 1996.
 
 1
 APPEARING FOR APPELLANT BUCKLEY:Earle Giovanniello, Brooklyn, NY.
 
 
 2
 APPEARING FOR APPELLANT FIELDS:Barry D. Leiwant, The Legal Aid Society, New York, NY.
 
 
 3
 APPEARING FOR APPELLEE:Susan E. Brune, Assistant United States Attorney for the Southern District of New York, New York, NY.
 
 
 4
 S.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Before MESKILL, MINER, Circuit Judges, and LASKER,* District Judge.
 
 
 7
 UPON CONSIDERATION of this appeal from judgments of the United States District Court for the Southern District of New York, it is hereby
 
 
 8
 ORDERED, ADJUDGED, AND DECREED that the judgments be and they hereby are AFFIRMED.
 
 
 9
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 10
 Defendants-appellants Paula Buckley and Addie Fields (the "defendants") appeal from judgments entered in the United States District Court for the Southern District of New York (Sprizzo, J.) convicting them, following a jury trial, of conspiracy to embezzle union funds, in violation of 18 U.S.C. § 371, embezzlement of union funds, in violation of 29 U.S.C. § 501(c), conspiracy to destroy union records, in violation of 18 U.S.C. § 371, and destruction of union records, in violation of 29 U.S.C. § 439(c). The district court sentenced Buckley to a 34-month term of imprisonment, a three-year term of supervised release, and a $150 special assessment. The district court sentenced Fields to a 30-month term of imprisonment, a three-year term of supervised release, and a $150 special assessment. The district court also ordered Buckley, Fields, and a third defendant, Rae Ursillo, to pay $200,000 in restitution, for which they were held to be jointly and severally liable.
 
 
 11
 The evidence presented at trial demonstrates that, between 1988 and September of 1992, the defendants embezzled funds from Local 1110 of the Communications Workers of America (the "Union") through various schemes. The defendants were officers of the Union during this time period. Among other things, the defendants charged personal expenses on the Union's corporate credit cards and wrote checks from the Union's general checking account to pay the credit card bills. They also wrote checks from the Union's general checking account to pay their personal credit card bills.
 
 
 12
 On August 11, 1992, a United States Department of Labor investigator called defendant Fields, the Union treasurer, to inform her that the Department would be conducting an audit of the Union's finances the following month. On August 17, 1992, one of the Union's business agents, William Kelly, arrived at the Union's office to find that it had been burglarized and that the Union's financial records had been removed from a safe. The government presented evidence at trial that Fields and business agent Bettye Purnell had staged the burglary in order to destroy incriminating financial records.
 
 
 13
 Following their indictment, the defendants' jury trial commenced on September 26, 1994. On October 7, 1994, the defendants were found guilty on all counts in the indictment. This appeal followed.
 
 
 14
 The defendants attribute plain error to the district court's instructions on the credibility of the witnesses, contending that the instructions were unbalanced and favored the government. We reject this contention. "[I]t is the court's duty, in instructing a jury on the subject of witnesses' credibility, to give balanced instructions." United States v. Gleason, 616 F.2d 2, 15 (2d Cir.1979), cert. denied, 444 U.S. 1082 (1980). In the present case, although the district court instructed the jury that the defendants were interested witnesses, the court charged that "it doesn't follow that merely because a defendant is an interested witness [that she] cannot tell you a truthful version of what happened." The court instructed the jury: "It is for you to decide the extent to which [her] interest has affected [her] testimony and whether you accept it or not accept it." We think that these instructions concerning the defendants' credibility were properly balanced. Moreover, the failure of the district court to give specific instructions on its own initiative in regard to the credibility of two of the government's witnesses--Kelly and Buckley's secretary, Patricia Sanzari--did not amount to plain error, as contended by the defendants.
 
 
 15
 The defendants also attribute plain error to the district court's instructions concerning the good-faith defense to embezzlement. We find no error in these instructions. Although the defendants argue that it was improper for the district court to have instructed the jury that "a good-faith belief by a defendant that somehow or other she will be able to pay back the funds in the future is not a defense of good faith," this charge merely restated the principle that "an 'intent to return' money or property is not a defense to a charge of embezzlement." See, e.g., United States v. Young, 955 F.2d 99, 104 (1st Cir.1992).
 
 
 16
 Finally, Buckley, the Union president, contends that there was insufficient evidence to sustain her convictions for conspiracy to destroy union records and aiding and abetting the destruction of union records. We disagree. "An appellant challenging the sufficiency of the evidence bears a very heavy burden." United States v. Amato, 15 F.3d 230, 235 (2d Cir.1994) (quotation omitted). "[S]hould the evidence ... suffice to convince any rational trier of fact beyond a reasonable doubt, then [the] conviction must stand." United States v. Sureff, 15 F.3d 225, 228 (2d Cir.1994).
 
 
 17
 In the present case, the government presented evidence that, on August 12, 1992, before the burglary of the Union's office, Buckley called Sanzari by telephone and instructed her to direct all the Union's business agents, except for Purnell, to provide assistance at another union's rally. The jury reasonably could have inferred that Buckley's purpose was to allow Fields and Purnell to stage the burglary. In view of the evidence of the embezzlement, Buckley would have been motivated to have the records destroyed prior to the Union's audit. In addition, Sanzari testified that, following the burglary, Buckley told her to remove a box of financial records that had been left on top of the safe in the Union's office.
 
 
 18
 We have considered the defendants' remaining contentions, and we find them all to be without merit.
 
 
 
 *
 The Honorable Morris E. Lasker of the United States District Court for the Southern District of New York, sitting by designation